James D. Hurley, J.
This is an appeal from a judgment of a Court of Special Sessions held by the Police Justice of the Village of Newark, New York, rendered August 24, 1957, convicting the defendant of violating sections 229 and 230 of the Ordinances of the Village of Newark in operating his automobile at an excessive rate of speed.
The appellant contends that the judgment of conviction is contrary to the evidence and that the People failed to prove the guilt of the defendant beyond a reasonable doubt.
The appellant further contends that section 230 of the Ordinances of the Village of Newark is vague in that it refers for determination of punishment to the Vehicle and Traffic Law.
The People produced only one witness, the arresting officer.
The defendant produced himself and his mother as witnesses. Defendant’s mother was riding in the automobile with him at the time of the alleged violation.
There was a sharp conflict of testimony, both as to speed and as to the location of the arrest.
The trial court observed the witnesses upon the stand during the trial. He chose to believe the testimony of the police officer in preference to that of the defendant and his witness.
The speed limit of the Village of Newark was 30 miles per hour. In view of the fact that the defendant admitted going 45 miles per hour just before being stopped, the location of the place of arrest became most important. This court cannot say that the Police Justice was required to accept or reject the testimony of any particular witness, and will not substitute its judgment for that of the trial court.
While the arresting officer may not have had as much experience in estimating speed as may be desired, his estimation of speed taken together with the speedometer reading of an untested speedometer, was sufficient to sustain the conviction. (People v. Heyser, 2 N Y 2d 390; People v. Marsellus, 2 N Y 2d 653.)
Section 230 of the Village Ordinances of the Village of Newark is neither vague nor indefinite. (Vehicle and Traffic Law, § 54.)
Judgment of conviction affirmed. Prepare order accordingly,